Maer Goldfarb v. Commissioner. Julius Goldfarb v. Commissioner.
Goldfarb v. Commissioner
Docket Nos. 29299, 29300.
United States Tax Court
1953 Tax Ct. Memo LEXIS 359; 12 T.C.M. (CCH) 177; T.C.M. (RIA) 53060; February 20, 1953
*359 George T. Altman, Esq., 612 South Flower Street, Los Angeles, Calif., for the petitioners. Charles H. Chase, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined additions under section 293 (b) for fraud as follows: 1944
1945
Maer Goldfarb
$1,409.36
$4,320.61
Julius Goldfarb
1,207.31
4,832.98 The only issue for decision is whether there was fraud with intent to evade tax. Findings of Fact The petitioners filed their returns for the taxable years with the collector of internal revenue for the Sixth District of California Maer is the father of Julius. Each owned, during 1944 and 1945, a 50 per cent interest in a partnership, known as Foodcraft Products Company. It was engaged in manufacturing, processing and selling food products. Its purchases and sales for 1944 and 1945 were shown on its books at not in excess of O.P.A. ceiling prices. It made purchases and sales in each year at prices above those permitted by O.P.A. but did not record the amounts in excess of O.P.A. prices on its books. The petitioners contributed cash to pay the excess on purchases and they divided the excess on *360 sales. Each petitioner filed an individual income tax return for 1944 on March 15, 1945, and similar returns for 1945 on March 15, 1946. Those returns reported distributive shares of partnership income in accordance with the books of the partnership. Each petitioner filed amended returns for 1944 and 1945 on October 15, 1946 reporting additional income and tax not reported on the original returns. The following table shows the amounts reported by each petitioner as his net distributive share of partnership income on the original returns for each year and the additional amounts reported on the amended returns: 1944
1945
Original
Amended
Original
Amended
Maer
$59,434.86
$8,616.75
$84,866.89
$23,223.21
Julius
60,134.86
7,317.54
85,753.19
25,938.08
The income shown on the amended returns was determined by an accountant at the request of the petitioners from net worth statements and estimates of living and other expenses made by the accountant with the aid of the petitioners. A part of the deficiency for each year in the case of each petitioner was due to fraud with intent to evade tax. Opinion MURDOCK, Judge: The petitioners *361 both knew that their original returns for 1944 and 1945 did not and could not report their correct net incomes because they knew that those returns did not reflect over-ceiling purchases and sales of their partnership business. Those returns were false and fraudulent with intent to evade tax. Later in 1946 they told their accountant of the situation, knowing that they owed more taxes for 1944 and 1945 than they had reported. He prepared the amended returns as best he could from information then furnished him by the petitioners. The Commissioner accepted the amounts of income shown on the amended returns as correct but imposed the fraud penalties under section 293 (b). Counsel for the petitioners argues that they did not know until after March 15, 1946 that the black market transactions had resulted in profits, but the testimony of Julius on that subject is unconvincing and not worthy of belief. Each knew at the end of each year that he had more income than he was reporting on his original return. Counsel for the petitioners also argues that all doubts were resolved against the petitioners in determining net worth at the beginning of 1944 so that the starting figures would not exceed *362 true net worth and as a result income for each year may have been overstated. That argument could have no merit as to the second year, which starts with the net worth determined for the end of the first year. There is no reason to believe that there was any substantial overstatement of income in the amended returns for either year. There is clear and convincing evidence that some income was deliberately omitted from the original returns by each petitioner for each year. The Commissioner has sustained his burden of proof on the fraud issue, the only issue presented for decision. Decisions will be entered for the respondent.